## H. S. PARKER, GD'N., v. JOHN L. HAWKINS.

**Equity—Sale of Infants Land, With a Contingent Interest.**

A petition for the sale of an infant's land, in which there is a contingent remainder interest, must allege that the interests of the claimants of the future estate would be best subserved by the sale of the entire and absolute title to the property.

**Same—Judicial Sale—Purchaser not Bound to Perform.**

A purchaser of such an interest, unless the requirements are complied with, would not be bound to complete his purchase.

APPEAL FROM FAYETTE CIRCUIT COURT.

December 12, 1870.

OPINION OF THE COURT BY JUDGE WILLIAMS:

Nannie Parker, an infant, owns about thirty-seven acres of land in Fayette county, to which she derives title through the last will and testament of her grand-father Hezekiah Ellis, dec'd. Certain other persons' heirs-in-law and devisees of said Ellis have contingent interest in said land depending upon the death of said Nannie before she marries or reaches the age of twenty-one years. The particular persons who may take such interests cannot now be determined, on account of the non-happening of the event upon which the same depends. By an ex parte proceeding in the Fayette Circuit Court under the provisions of the 86th chapter of the Revised Statutes, H. S. Parker, the statutory guardian of said Nannie procured a judgment directing the sale of her said land for the purpose of reinvestment, and at the sale made under this judgment, the appellee Hawkins became the purchaser at the price of eighty-five dollars per acre. He failed to make the cash payment or execute bonds for the deferred payments as required by the judgment, and in response to a rule to show cause why he should not be compelled to complete his purchase, he sets up various reasons, the substance of all of which is that the proceedings by which the judgment was obtained are so irregular, that the court cannot pass to him a perfect title to the land. Under

the provisions of the Act of the General Assembly of August 3rd, 1862, Myers' Supplement, R. S., page 426, it is lawful for any person holding a present interest in real estate, in the manner in which the infant Nannie holds the land in question to institute proceedings in the proper court of the county in which the same is situated for the sale of the entire and absolute title thereto. "And if upon the hearing of the case it shall appear to the satisfaction of the court, that the interests of all the claimants, *present and future* would be subserved by a sale of the entire interest in said real estate, * * * it shall be the duty of such court to render a decree accordingly; and the purchaser of such estate * * * upon complying with the terms of the sale prescribed by the decree shall be vested with all the title of the present and future or contingent claimants to said real estate, etc." The 2nd section of the act authorizes the proceeding to be prosecuted by the owners of the present interest, without making the contingent remaindermen parties. And when the present owners are infants or married, the 4th section provides that the same shall be made in conformity with the 86th chapter of the Revised Statutes.

In all proceedings under this chapter a strict compliance with its provisions has been uniformly required by this court. The act of 1862 authorizes the sale of the interests of certain classes of remaindermen in certain estates by proceedings to which they are not made parties and in which they have no opportunity of being heard, and it seems to us that in such proceedings at least a substantial compliance with the material provisions of the act should be required. In this case, neither the petition of the appellant, nor the report of the non-commissioners upon which the judgment directing the sale of the land purports to be predicated, states directly or inferentially that the interest of the claimants of the future estate would be subserved by the sale of the entire and absolute title to the property. The power of the court to make such sale is by the statute made to depend upon the fact "That the interests of all the claimants present and future would be subserved" thereby. No such fact appearing in this record, we are of opinion that the rule against Hawkins was properly discharged. This conclusion does not in any degree conflict with the rulings of this court in the cases of *O'Neal v. Bannon, 4th Bush, 23,* and *Terrell v.*

*Spence and wife, 3rd Bush, 638.* In both of said cases it was alleged and proven that the interest of those who claimed the estate both *"present and future"* would be subserved by the sale of the entire estate.

Judgment *affirmed.*

*Kinkead & Buckner, for appellant.*

*Harrison, for appellee.*